UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY THREATT,

        Plaintiff,           Case Number: 07-CV-11592

v.                                  HONORABLE AVERN COHN

THOMAS BIRKETT, ET AL.,

        Defendants.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING MOTION TO AMEND STATEMENT OF FACTS AS MOOT**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff is an inmate at the Standish Maximum Correctional Facility in Standish, Michigan. Plaintiff alleges that defendants have violated his right to due process because he has been placed on "modified access," which limits his ability to utilize the established prison grievance procedure. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). The Court dismissed the complaint under 28 U.S.C. § 1915(e)(2),[1] because it failed to state a claim upon which relief may be granted. See

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted . . .

Order of Summary Dismissal filed April 16, 2007.

Before the Court is plaintiff's motion for reconsideration and paper styled "Letter Motion to Amend Statement of Fact with Documents Attached."

II.

As explained in the Order of Summary Dismissal, plaintiff alleged that the grievance coordinator, defendant B. Alexander, placed him on modified access status from December 4, 2006 through March 4, 2007. He also alleged that Alexander then extended the modified access status for an additional thirty days. However, the Court of Appeals for the Sixth Circuit has held that placement of a prisoner on modified access status "does not impinge upon a prisoner's ability to file either meritorious grievances in prison or actions in federal court." Walker v. Michigan Dept. of Corrections, 128 Fed. Appx. 441, 446 (6th Cir. 2005). Thus, plaintiff failed to state a claim.

III.

E.D. Mich LR 7.1(g) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Plaintiff fails to satisfy this standard. Plaintiff's motion papers, while detailing allegations of retaliation by defendant, do not establish that the Order of Summary Dismissal was entered in error. Plaintiff still says that his placement on modified access violates his constitutional rights. Based on Walker, this claim does not state a claim

2

upon which relief may be granted.  As such, the motion for reconsideration is DENIED.

Given this determination, plaintiff's motion to amend is DENIED AS MOOT.

SO ORDERED.


       s/Avern Cohn
       AVERN COHN
       UNITED STATES DISTRICT JUDGE

Dated:  May 2, 2007


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Anthony Threatt, 182625, STANDISH MAXIMUM CORRECTIONAL FACILITY, 4713 WEST M-61, STANDISH, MI 48658 on this date, May 2, 2007, by electronic and/or ordinary mail.

       s/Julie Owens
       Case Manager, (313) 234-5160