UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANTHONY THREATT,

        Plaintiff,                            Case Number: 07-CV-11592

v.                                                      HONORABLE AVERN COHN

THOMAS BIRKETT, ET AL.,

        Defendants.
                                            /

**ORDER DENYING PLAINTIFF'S "SIXTY B MOTION" (Doc. No. 31)**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983 which has long since closed. In 2007, plaintiff filed a complaint claiming that defendants violated his right to due process because he has been placed on "modified access," which limits his ability to utilize the established prison grievance procedure. Plaintiff proceeded without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). The Court dismissed the complaint under 28 U.S.C. § 1915(e)(2), because it failed to state a claim upon which relief may be granted. See Order of Summary Dismissal filed April 16, 2007. Plaintiff appealed. The Court of Appeals for the Sixth Circuit affirmed. Threatt v. Birkett, No. 07-1752 (6th Cir. Feb. 19, 2008) (unpublished). The Supreme Court denied certiorari. See Order filed October 21, 2008.

Before the Court is plaintiff's "Sixty B Motion" in which he again says the Court erred in dismissing his complaint. For the reasons that follow, the motion is DENIED.

II.

Fed. R. Civ. P. 60(b) provides in relevant part:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A motion under Rule 60(b) must be filed within a reasonable time and for reasons under subsections (1), (2) and (3), "no more than one year after entry of the judgment or order or the date of the proceedings."  Fed. R. Civ. P. 60(c).

Most of the grounds for relief relate to new information about the case that could not reasonably have been discovered earlier.  See, e.g., Abrahamsen v. Trans-State Exp., Inc., 92 F.3d 425, 428 (6th Cir. 1996); United Coin Meter Co., Inc. v. Seaboard Coastline R.R., 705 F.2d 839, 844-46 (6th Cir. 1983).  And the "public policy favoring finality of judgments" limits the availability of relief under the rule.  Waifersong Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992).  That is especially true in an application of subsection (6) of Rule 60(b), which applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule."  Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990).  Relief under Rule 60(b)(6) should be granted only in "unusual and extreme situations where principles of equity mandate relief."  Id.

2

III.

As an initial matter, plaintiff's motion was filed over three years after the Court dismissed his case. This is not within a reasonable time and the motion may be denied on this basis.

Even assuming the motion was timely, plaintiff has not met the standard for granting relief from judgment. None of plaintiff's arguments convince the Court that Rule 60(b) relief is warranted. As explained in Court's order of dismissal and in the court of appeal's order, plaintiff's complaint was properly dismissed because it failed to raise a constitutional claim.

SO ORDERED.

    S/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

Dated: August 17, 2010

I hereby certify that a copy of the foregoing document was mailed to Anthony Threatt, #182625, Standish Maximum Correctional Facility, 4713 West M-61, Standish, MI 48658 and to the attorneys of record on this date, August 17, 2010, by electronic and/or ordinary mail.

    S/Deborah R. Tofil
    Relief Case Manager, (313) 234-5160