UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY THREATT,

        Plaintiff,                   Case Number: 07-CV-11592

v.                                             HONORABLE AVERN COHN

THOMAS BIRKETT, ET AL.,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S 60(b) MOTION (Doc. 45)

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983 which has long since closed. In 2007, plaintiff filed a complaint claiming that defendants violated his right to due process because he has been placed on "modified access," which limits his ability to utilize the established prison grievance procedure. Plaintiff proceeded without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). The Court dismissed the complaint under 28 U.S.C. § 1915(e)(2) because it failed to state a claim upon which relief may be granted. See Order of Summary Dismissal filed April 16, 2007. Plaintiff appealed. The Court of Appeals for the Sixth Circuit affirmed. Threatt v. Birkett, No. 07-1752 (6th Cir. Feb. 19, 2008) (unpublished). The Supreme Court denied certiorari. See Order filed October 21, 2008.

In 2010, plaintiff filed a "Sixty B Motion" in which he again argued the Court erred in dismissing his complaint. (Doc. 31). The Court denied the motion. (Doc. 32). Plaintiff filed a motion for reconsideration (Doc. 37), which was denied. (Doc. 38).

Plaintiff also appealed the denial of his Rule 60(b) motion. The Sixth Circuit affirmed. Threatt v. Birkett, No. 10-2189 (6th Cir. Feb. 23, 2011).

Almost two years later, on December 13, 2013, plaintiff filed another Rule 60(b) motion which is before the Court. (Doc. 45). The motion is DENIED.

II.

Plaintiff is not entitled to Rule 60(b) relief. First, absent new evidence or a change in controlling law, neither of which is present here, the Court lacks the power to revisit a judgment that has been affirmed by the Sixth Circuit. Keith v. Bobby, 618 F.3d 594, 600–01 (6th Cir. 2010); Mitchell v. Rees, 261 F. App'x 825, 828 (6th Cir. 2008). Moreover, even if the Court could consider the motion, it fails. The motion is untimely as it was filed six years after the Court dismissed the case and nothing in the motion shows that the Court erred in dismissing the complaint.[1]

SO ORDERED.

   s/Avern Cohn
UNITED STATES DISTRICT JUDGE

Dated: December 20, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 20, 2013, by electronic and/or ordinary mail.

   s/Carol Bethel for Sakne Chami
Case Manager, (313) 234-5160

---

[1] Plaintiff suggests he should have had attorney appointed for him because he is incompetent, see Fed. R. Civ. P. 17(c). However, there is no evidence plaintiff was incompetent at the time he filed his complaint.